IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BREALYN LEE PETERSON, Plaintiff, | § § § | |
| v. | § | No. 3:25-cv-00548-N-BW |
| CITY OF GARLAND, et al., Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Based on the relevant filings and applicable law, the *Motion for Reconsideration* (Doc. 10), filed on August 24, 2026, is **DENIED**.

**Background**

Plaintiff Brealyn Lee Peterson filed this *pro se* civil action under 42 U.S.C. § 1983 against the City of Garland, the Garland Police Department, Officer Joshua Miranda, and five unidentified officers. After amending her pleadings twice, Peterson alleged in her Second Amended Complaint that Garland police officers arrested her without probable cause after responding to an altercation that she had reported. Doc. 7. She asserted claims for unlawful seizure, denial of equal protection, malicious prosecution, municipal liability, and failure to train and supervise. *Id.*

Because Peterson was proceeding *in forma pauperis*, the magistrate judge screened the Second Amended Complaint under 28 U.S.C. § 1915(e)(2). On June 25, 2026, the magistrate judge entered findings, conclusions, and a recommendation that the Second Amended Complaint be dismissed with prejudice for failure to state a claim. Doc. 8. The magistrate judge concluded that Peterson's claims were foreclosed by substantive deficiencies, including an independent probable-cause determination, her failure to plausibly allege intentional differential treatment without a rational basis, and her failure to identify a municipal policy, widespread custom,

policymaker, pattern of similar violations, or specific training deficiency. *See generally id.* The magistrate judge also concluded that further amendment would be futile because Peterson had already amended her pleadings twice and the deficiencies were substantive rather than technical pleading defects. *Id.* at 14.

The FCR advised Peterson that she was required to file specific written objections within 14 days after service and warned her of the consequences of failing to do so. *Id.* at 15. Peterson filed no objections and did not request an extension of the objection deadline. After reviewing the relevant matters of record, the Court accepted the FCR as the findings and conclusions of the Court and dismissed the action with prejudice by judgment entered on July 27, 2026. Docs. 9-10. The Court also certified that any appeal would not be taken in good faith because an appeal would present no legal point of arguable merit and would therefore be frivolous. Doc. 10 at 1-2.

On August 24, 2026, Peterson filed the present Rule 59(e) motion ("Motion"). Doc. 11. She contends that financial, transportation, technological, and mental-health difficulties prevented her from meaningfully reviewing and objecting to the FCR. *Id.* at 2-5. She also disagrees with the determination that further amendment would be futile and requests that the Court reopen the case so that she may file objections or seek leave to amend. *Id.* at 5-9. Alternatively, she requests that the dismissal be changed to one without prejudice. *Id.* at 8-9.

**Legal Standard**

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Federal Rule of Civil Procedure 59(e) or under Rule 60(b). *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* "If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond

that period, it is analyzed under Rule 60(b). *Megwa v. United States*, 2021 WL 3810908, at *2 (N.D. Tex. Aug. 25, 2021) (citing *Demahy*, 702 F.3d at 182 n. 2).

Because Peterson filed the Motion within 28 days after the entry of the judgment, it is analyzed under Rule 59(e). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered evidence…Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). "The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits or taking a 'second bite at the apple.'" *Luedde v. United States*, 2023 WL 8371942, at *1 (E.D. Tex. Dec. 2, 2023) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). For a court to reconsider a final judgment, a Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(*quoting Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).

**Analysis**

Peterson establishes no basis for relief under Rule 59(e).

First, Peterson identifies no intervening change in controlling law, newly discovered evidence bearing on the merits of her claims, or manifest error of law or fact in the judgment. Her motion instead focuses primarily on the personal circumstances that she contends prevented her from reviewing the FCR and filing timely objections. Doc. 11 at 2-5. Those assertions do not

demonstrate that the Court's judgment rests on a manifest legal or factual error.

Peterson received notice of the requirement to file objections and of the consequences of failing to do so. Doc. 8 at 15. Although objections were due within 14 days after service, the Court did not enter judgment until July 27, 2026, more than one month after the FCR was entered. During that period, Peterson neither filed objections nor requested additional time to do so. Peterson does not allege that she failed to receive the FCR, was unaware of it, or was continuously unable to communicate with the Court. Nor does she explain why the circumstances she describes prevented her from filing a short request for an extension of time.

The Motion's generalized references to transportation difficulties, financial instability, limited computer access, competing demands, and mental-health symptoms likewise do not establish that Peterson was deprived of a meaningful opportunity to respond. Doc. 11 at 2-5. She provides no supporting evidence, identifies no specific period during which she was unable to prepare or submit a filing, and does not show that circumstances beyond her control prevented her from requesting an extension. Although the Court construes Peterson's *pro se* filings liberally, her *pro se* status does not excuse compliance with procedural rules or establish an entitlement to reopen a final judgment. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

In any event, Peterson's failure to object was not itself the substantive basis for dismissal. The Court reviewed the relevant matters of record, determined that the magistrate judge's findings and conclusions were correct, and accepted them as the findings and conclusions of the Court. Doc. 9. Peterson identifies no particular error in that determination. Instead, she seeks an opportunity to file the objections that she could have filed, or requested additional time to file, before judgment. Rule 59(e) does not provide a dissatisfied litigant with an additional period for presenting arguments that could and should have been presented earlier. *See Schiller*, 342 F.3d at

567.

Second, Peterson does not demonstrate that denying further leave to amend was manifest error. When a plaintiff seeks leave to amend after the entry of judgment, the request is considered in conjunction with the request to reopen the judgment under Rule 59(e). *Rosenzweig*, 332 F.3d at 864. The relevant considerations include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through prior amendments, undue prejudice, and futility. *Id.* Although leave to amend ordinarily should be freely given, it is not required when the plaintiff has already amended her complaint and fails to identify new facts that would cure the deficiencies resulting in dismissal. *See Schiller*, 342 F.3d at 568.

Peterson had already amended her pleadings twice before the magistrate judge screened her Second Amended Complaint. The FCR considered Peterson's most detailed account of the events underlying her claims and explained why those allegations failed as a matter of law, and further explained that the deficiencies were substantive, not merely technical defects that more artful pleading could cure. Doc. 8 at 14.

The Motion does not undermine that conclusion. Although Peterson contends generally that her claims may be curable, she neither attaches a proposed third amended complaint nor identifies any new or additional facts she would plead. She still identifies no specific false statement presented to the grand jury, exculpatory evidence deliberately withheld from the prosecutor or grand jury, or facts showing that any officer knowingly or recklessly tainted the independent probable-cause determination. She also identifies no similarly situated comparator, municipal policymaker, official policy, widespread custom, pattern of similar constitutional violations, or specific deficiency in the City's training program. Instead, she repeats her general allegations concerning her visible injuries, the officers' treatment of the physical evidence, alleged

omissions from police reports, and the officers' decision to treat her as the aggressor. Doc. 11 at 5-8. The FCR, however, has already considered those allegations and explained why they were insufficient.

Additionally, Peterson's assertion that the FCR identified the deficiencies for the first time does not alter the result. Even after receiving the FCR and having an additional 28 days after judgment to prepare the present motion, she supplies none of the supposedly curative facts. Her request for another opportunity to amend therefore rests on the possibility that she might later discover or formulate sufficient allegations, not on any proposed amendment showing that a viable claim exists. Such speculation does not establish that the futility determination was erroneous. *See Rosenzweig*, 332 F.3d at 865 (affirming the denial of post-judgment leave to amend when the plaintiffs failed to show that the proposed amendment raised facts unavailable before judgment); *Schiller*, 342 F.3d at 568 (affirming denial when the plaintiffs had received prior opportunities to amend).

Finally, dismissal with prejudice at the screening stage does not itself constitute manifest error or injustice. Section 1915(e)(2) requires the Court to dismiss an *in forma pauperis* action that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Although a *pro se* plaintiff generally should receive an opportunity to amend, leave is not required when the plaintiff has already pleaded her best case or further amendment would be futile. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Peterson amended her pleadings twice, and neither her Second Amended Complaint nor her Rule 59(e) motion identifies facts supporting a plausible constitutional claim. Changing the dismissal to one without prejudice would permit Peterson to reassert the same substantively deficient claims and would not prevent any manifest injustice.

Peterson's motion establishes only that she disagrees with the dismissal and now wishes to

litigate matters she did not raise before judgment. That is insufficient to warrant the extraordinary remedy available under Rule 59(e).

**Conclusion**

In sum, Peterson offers no compelling reasons to reconsider the Court's decision to dismiss her claims. Therefore, the Court **DENIES** her *Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e)* [Doc. 11].

**SO ORDERED** this 28th day of August, 2026.

DAVID C GODBEY
UNITED STATES DISTRICT JUDGE